## Mundorf *v.* Wier, Appellant.

*Promissory notes—Contribution—Set-off.*

In a suit by the joint maker of a note who had paid the same to recover from his comaker's executor the full amount of the note on the ground that plaintiff was surety, where the defendant shows that the decedent had used the proceeds of the note to pay a joint note of the decedent and the plaintiff, the plaintiff may be permitted to recover one-half of the amount of the note in suit.

Argued Oct. 28, 1908.   Appeal, No. 120, Oct. T., 1908, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1907, No. 41, on verdict for plaintiff in case of George E. Mundorf et al. v. Anna Wier et al., executors of Charles Wier, deceased. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ.   Affirmed.

Assumpsit on a promissory note.   Before A. O. Smith, P. J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was in directing a verdict in favor of the plaintiff for $332.62.   Defendant appealed. .

*A. L. Cole,* for appellant, cited: Clark v. Lindsay, 7 Pa. Superior Ct. 43.

*W. C. Pentz,* with him *W. L. Calkins,* for appellee.

Opinion by Henderson, J., February 26, 1909:

The plaintiff sued to recover the amount of a note for $600 which he had signed with Charles Wier whose estate is repre-

sented by the defendants. Evidence was offered from which it appeared that Wier received the proceeds of the note at the Deposit Bank and that the note was subsequently paid by the plaintiff. The defense was not a denial of the plaintiff's averment, but the presentation of a counterclaim in the nature of a set-off to the effect that the plaintiff and Wier were joint obligors on a note payable to one Van Tassel and that this note was paid by Wier, by reason of which payment the plaintiff became liable to Wier for one-half of the amount of the note. Objection was made by the plaintiff to this evidence, but the objection was overruled. The dates of the respective transactions led the court to conclude that the latter note was paid by Wier with the proceeds of the first note, and the jury was instructed that the plaintiff was entitled to a verdict for one-half of the Deposit Bank note. The single proposition presented by the appellant is that as the statement of claim declared that the plaintiff was surety on the decedent's note and, therefore, entitled to a judgment for the amount paid by him, there could be no recovery for one-half that amount, on proof that the plaintiff was a joint obligor. As the case was presented, however, we do not think this question arises. Whatever may have been the view of the trial judge as to the basis of the plaintiff's right there can be no doubt that the plaintiff's evidence supported his declaration and that the defendants' evidence showed a liability on the part of the plaintiff to contribute to the extent of one-half of the amount of the Van Tassel note. Being so liable, it was proper for the executors to present that liability and offset it against the plaintiff's claim which they were apparently not able to controvert. As the notes were for equal amounts the effect was that the plaintiff failed to recover more than one-half of the note which he had paid because of the set-off. The instruction of the court was in accord with the evidence as to the amount to which the plaintiff was entitled, and the verdict is not inconsistent with the declaration.

The judgment is affirmed.